CSD 1160 [03/01/15]

Name, Address, Telephone No. & I.D. No.

DARLENE C. VIGIL - CA NO. 223442
BARRETT DAFFIN FRAPPIER TREDER & WEISS, LLP
20955 PATHFINDER ROAD SUITE 300
DIAMOND BAR, CA 91765
File No.: 00000007566656
Phone: (626) 915-5714, Fax: (972) 661-7726
E-mail: sdcaecf@BDFGroup.com

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re
Family Mortgage Options, LLC dba Family Foreclosure Rescue,
                                                            Debtor.

BANKRUPTCY NO. 17-04302-CL7

Wells Fargo Bank, N.A.,
                                                            Moving Party

RS NO. EAT-1

Family Mortgage Options, LLC dba Family Foreclosure Rescue, Ronald E. Stadtmueller, Trustee, Rudy C. Baez, Capstone Properties I, Inc., and Omar Sevilla
                                                            Respondent(s)

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
☑ REAL PROPERTY     ☐ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1. A Petition under Chapter ☑ 7 ☐ 11 ☐ 12 ☐ 13 was filed on 7/18/2017.

2. Procedural Status:
   a. ☑ Name of Trustee Appointed *(if any)*: Ronald E. Stadtmueller,
   b. ☐ Name of Attorney of Record for Trustee *(if any)*:
   c. ☐ *(Optional)* Prior Filing Information:
      Debtor has previously filed a Bankruptcy Petition on: _____.
      If applicable, the prior case was dismissed on: _____.
   d. ☐ *(If Chapter 13 case)*: Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1. ☑ The following real property is the subject of this Motion:
   a. Street address of the property including county and state:
      402 NORTH LA LUNA AVE, OJAI, CA 93023-1538
      (Ventura County)

   b. Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):
      Single Family Residence

   c. Legal description of property is attached as Exhibit A.

CSD 1160

  d. If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a) as Exhibit B.

  e. *Fair market value of property as set forth in the Debtor's schedules: $_____.

  f. *Nature of Debtor's interest in the property:

   Debtor acquired an ownership interest in the Property Grant Deed recorded 09/02/2014.

2. ☐ The following personal property is the subject of this Motion *(describe property)*:

  a. Fair market value of property as set forth in the Debtor's schedules: $_____.

  b. Nature of Debtor's interest in the property:

3. *Fair market value of property according to Movant: $_____.

4. *Nature of Movant's interest in the property: Beneficiary under Deed of Trust

5. *Status of Movant's loan:
  a. Balance owing on date of Order for Relief: $ 334,787.16 (As of 5/3/2018)
  b. Amount of monthly payment: $ 2,065.25
  c. Date of last payment: 06/14/2017
  d. If real property,
   i. Date of default: 7/1/17
   ii. Notice of Default recorded on: n/a
   iii. Notice of Sale published on: n/a
   iv. Foreclosure sale currently scheduled for: n/a
  e. If personal property,
   i. Pre-petition default: $_____ No. of months:_____
   ii. Post-petition default: $_____ No. of months:_____

6. *(If Chapter 13 Case, state the following:)*
  a. Date of post-petition default: _____
  b. Amount of post-petition default: $_____

7. Encumbrances:
  a. Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount - # of Months | | Post-Petition Arrearages Total Amount - # of Months | |
|---|---|---|---|---|---|
| 1st: Movant | 334,787.16 | 1,923.88 | 1 | 20,248.06 | 10 |
| 2nd: OMAR SEVILLA | 50,000.00 | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 384,787.16 | $ 1,923.88 | | $ 20,248.06 | |

  b. Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
   ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

8. Relief from the automatic stay should be granted because:
   a. ☐ Movant's interest in the property described above is not adequately protected.

   b. ☐ Debtor has no equity in the ☐ real property ☐ personal property described above and this property is not necessary to an effective reorganization.

   c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

      i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

      ii. the Debtor/Trustee has

         (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

         (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

   d. ☑ *Other cause exists as follows *(specify)*: ☐ See attached page.

      Default in paying monthly installments.

When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a).

Movant attaches the following:

1. ☑ Other relevant evidence:
   See attached Continuation Page

2. ☐ *(Optional)* Memorandum of points and authorities upon which the moving party will rely.

WHEREFORE, Movant prays that this Court issue an Order granting the following:

☑ Relief as requested.

☑ Other:
   That the Order Granting Motion for Relief from the Automatic Stay be deemed effective and enforceable immediately upon its entry with no stay on its enforcement as prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

Dated: 05/22/2018

                                          DARLENE C. VIGIL          /s/ DARLENE C. VIGIL
                                          [Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a).
CSD 1160

Title Order Number:
File Number:     VCA-2672262

**Exhibit "A"**

Real property in the unincorporated area of the County of Ventura, State of California, described as follows:

LOT 16 OF BLOCK "J" OF MEINERS OJAI OAKS SUBDIVISION NO. 3, IN THE CITY OF VENTURA, COUNTY OF VENTURA, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 13, PAGE 55 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

ALSO THAT PORTION OF LOT 17 OF SAID BLOCK "J", LYING NORTHWESTERLY OF THE SOUTHWESTERLY PROLONGATION OF THE SOUTHEAST LINE OF SAID LOT 16.

APN: 017-0-051-140

## ATTACHMENT TO MOTION FOR RELIEF FROM
## THE AUTOMATIC STAY – REAL PROPERTY

Continued from Page 3, Section 1 – Other relevant evidence:

Movant submits that cause exists to terminate the automatic stay under § 362(d)(1) of the Bankruptcy Code.

### The Loan

RUDY C BAEZ ("Borrower") executed a Fixed Rate Mortgage Note ("Note") in the original amount of $407,000.00 dated February 22, 2007, in favor of World Savings Bank, FSB, Movant's predecessor in interest. The Note is secured by a first priority Deed of Trust ("Deed of Trust") against the real property generally known as **402 NORTH LA LUNA AVE, OJAI, CA 93023-1538** ("Property"). The terms of the Debt Agreement were amended by the attached loan modification agreement entered into by and between Wachovia Mortgage, a division of Wells Fargo Bank, N.A. and the Borrower RUDY C BAEZ dated December 30, 2011 (the "Loan Modification Agreement").

Movant was formerly known as Wachovia Mortgage, FSB, formerly known as World Savings Bank, FSB. Effective December 31, 2007, World Savings Bank, FSB's charter and bylaws were amended to change its name to Wachovia Mortgage, FSB. Effective November 1, 2009, Wachovia Mortgage, FSB converted to a national bank with the name Wells Fargo Bank Southwest, National Association. Additionally, effective November 1, 2009, Wells Fargo Bank Southwest, National Association merged into and became a division of Wells Fargo Bank, National Association. True and copies of a Note, Deed of Trust, Loan Modification Agreement and compilation of documents from the Office of Thrift Supervision and Comptroller of the Currency that evidence this name change are attached hereto as **Exhibits "1", "2", "3" and "4",** respectively, and incorporated herein by this reference.

# EXHIBIT B

**Debtor's Interest in the Property**

The original borrower RUDY C. BAEZ conveyed his right, title and interest in the Property to Debtor FAMILY MORTGAGE OPTIONS, LLC, dba Family Foreclosure Rescue, LLA, a California Limited Liability Company by a Grant Deed recorded September 2, 2014 as Instrument No. 20140902-00109818-0 in the Office of the County Recorder of Ventura County, CA. A true and correct copy of the Grant Deed is attached hereto as **Exhibit "5"** and incorporated herein by this reference.

On February 22, 2016, FAMILY MORTGAGE OPTIONS, LLC dba Family Foreclosure Rescue executed a Deed of Trust with Assignment of Rents against the Property in the amount of $6,118,400.00 in favor of CAPSTONE PROPERTIES I, INC. ("Capstone"), which recorded on February 22, 2016, as Instrument No. 20160222-00022126-0 in the Office of the County Recorder of Ventura County, CA ("Capstone Deed of Trust"). A true and correct copy of the Capstone Deed of Trust is attached hereto as **Exhibit "6"** and incorporated herein by reference.

On September 21, 2016, FAMILY MORTGAGE OPTIONS, LLC dba Family Foreclosure Rescue executed a Deed of Trust and Assignment of Rents against the Property in the amount of $50,000.00 in favor of OMAR SEVILLA ("Sevilla"), which recorded on September 21, 2016, as Instrument No. 20160921-00136540-00 in the Office of the County Recorder of Ventura County, CA ("Sevilla Deed of Trust"). A true and correct copy of the Sevilla Deed of Trust is attached hereto as **Exhibit "7"** and incorporated herein by reference.

On April 24, 2017, FAMILY MORTGAGE OPTIONS, LLC dba Family Foreclosure Rescue executed a Deed of Lieu of Foreclosure transferring the Property to Capstone. A copy of the Deed in Lieu of Foreclosure recorded on April 27, 2017 as Instrument No. 20170427-00055510-0 in the

# EXHIBIT B

Office of the County Recorder of Ventura County, CA ("Deed in Lieu") is attached hereto as **Exhibit "8"** and incorporated herein by reference.

That same day, on April 24, 2017, Capstone executed a Substitution of Trustee and Full Reconveyance of the Capstone Deed of Trust which appears to reconvey all interest it acquired under the Capsone Deed ofTrust to Family Mortgage Options, LLC dba Family Foreclosure Rescue, the trustor under the Capstone Deed of Trust ("Reconveyance"). A copy of the Reconveyance recorded on April 27, 2017, as Document No. 20170427-00055511-0 in the Office of the County Recorder of Ventura County, CA is attached hereto as **Exhibit "9"** and incorporated herein by reference.

Debtor's Schedule E identifies borrower RUDY C. BAEZ as the holder of an unliquidated, contingent claim for an Equity Purchase Agreement in an unknown amount. A copy of Debtor's Schedule E is attached hereto as Exhibit "10" and incorporated herein by reference.

Debtor's Statement of Financial Affairs reflects at paragraph 5 that the Property described as 402 N. La Luna, Avenue, Los Angeles CA 93023 [sic] having a value of $580,000.00 was transferred by a deed of lieu of foreclosure on April 20, 2017 to Capstone Properties I, Inc. Debtor's Statement of Financial Affairs reflects at paragraph 13.2 that Capstone Properties I, Inc. acquired Deed(s) of lieu of foreclosure on three properties subject to Equity Purchase Agreement. A copy of Debtor's Statement of Financial Affairs is attached hereto as Exhibit "11" and incorporated herein by reference.

**Request for Relief from the Automatic Stay**

Movant submits that cause exists under 11 U.S.C. section 362(d)(1) to grant relief from the automatic stay. Since the filing of this case, no payments have been received and the loan is due for July, 2017.

# EXHIBIT B

Further, to the extent that the Reconveyance sought to revive the Capstone Deed of Trust in the amount of $6,118,400.00, Movant seeks relief from the automatic stay to proceed with its state law foreclosure remedies. In addition, to the extent Debtor retained any interest in the equity purchase agreement with borrower RUDY C. BAEZ identified in Debtor's Schedule E and Statement of Financial Affairs, Movant seeks relief from the automatic stay to proceed with its state law foreclosure remedies. Debtor's Statement of Financial Affairs reflects that the deed in lieu of foreclosure executed by Debtor in favor of Capstone Properties I is subject to the equity purchase agreement.

EXHIBIT B